UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK CARBERRY,

    Plaintiff,

vs.

Case No. 07-CV-10892
Hon. Sean F. Cox

TEXTRON PENSION PLAN a/k/a TEXTRON
MASTER RETIREMENT PLAN, and TEXTRON,
INC., Individually and as the Plan Administrator
of the TEXTRON PENSION PLAN a/k/a
TEXTRON MASTER RETIREMENT PLAN,
jointly and severally,

    Defendants.
_____/

| | |
|---|---|
| Aaron D. Geyer (P39889) | Claudia D. Orr (P45402) |
| CHRISTOPHER P. AIELLO, P.C. | PLUNKETT & COONEY, P.C. |
| 32411 Mound Road | Attorneys for Defendants |
| Warren, MI 48092 | 535 Griswold, Suite 2400 |
| (586) 303-2211 fax: 303-1259 | Detroit, MI 48226 |
| Aaron@chrisaeillo.com | (313) 983-4863 |
| | Corr@plunkettcooney.com |

_____/

## DEFENDANTS' ANSWER TO COMPLAINT
## AND NOTICE OF AFFIRMATIVE AND/OR SPECIAL DEFENSES

Defendants, TEXTRON PENSION PLAN a/k/a TEXTRON MASTER RETIREMENT PLAN, and TEXTRON INC., Individually and as the Plan Administrator of the TEXTRON PENSION PLAN a/k/a TEXTRON MASTER RETIREMENT, through their attorneys, PLUNKETT & COONEY. P.C., and for their Answer to Plaintiff's Complaint, state as follows:

    1.    Defendants neither admit nor deny the allegations because they state a legal conclusion for which no response is necessary except to deny as untrue that

the Employee Retirement Income Security Act (ERISA) has been properly cited and to deny as untrue that any Defendant is liable to Plaintiff under ERISA as to the claims asserted in the Complaint.

2. Defendants neither admit nor deny the allegations because they lack information or knowledge sufficient to form a belief as to their truth.

3. No contest.

4. Defendants neither admit nor deny the allegations because they state a legal conclusion for which no response is necessary. To the extent a response is required, Defendants deny the allegations as untrue.

5. No contest.

6. Defendants neither admit nor deny the allegations because they state a legal conclusion for which no response is required. To the extent a response is required, Defendants deny as untrue that at all relevant times Defendant Textron Inc. was an employer or plan sponsor, as to Plaintiff.

7. No contest.

8. Admitted.

9. No contest.

10. No contest.

11. No contest.

12. No contest.

13. No contest.

14. Defendants neither admit nor deny the allegations because they lack information or knowledge sufficient to form a belief as to their truth, except to admit that Plaintiff asserted a claim under the Worker's Disability Compensation Act, and such claim has been redeemed.

15. Denied as untrue.

16. Denied as untrue.

17. Defendants neither admit nor deny the allegations because the document speaks for itself. To the extent a response is required, Defendants deny as untrue the allegations since Plaintiff has taken language out of context from the document, and Defendants object to Plaintiff's attempt to paraphrase and/or assert incomplete quotes from the document.

18. Admitted.

19. Denied as untrue.

20. Defendants neither admit nor deny the allegations because the document speaks for itself. To the extent a response is required, Defendants deny as untrue the allegations since Plaintiff has paraphrased the document.

21. Defendants neither admit nor deny the allegations because the document speaks for itself. To the extent a response is required, Defendants deny as untrue the allegations since Plaintiff has paraphrased the document.

22. Defendants neither admit nor deny the allegations because they are vague, ambiguous and incapable of response in their present form. To the extent that Plaintiff intended to allege that post August 17, 1989 communications confirm

that Plaintiff has held the status of a salaried employee of Cadillac Gage (without alleging when such status terminated), Defendants admit the allegation.

23. Defendants neither admit nor deny the allegations because they are vague, ambiguous and incapable of response in their present form and because the document speaks for itself. To the extent a response is required, Defendants deny as untrue the allegations since Plaintiff has paraphrased the document.

24. No contest.

25. Defendants neither admit nor deny the allegations because they are vague, ambiguous and incapable of response in their present form since Plaintiff has failed to identify with specificity the Defendant to which he is referring in the allegation. Further responding, Defendants neither admit nor deny the allegations because they state a legal conclusion for which no response is necessary.

26. Defendants neither admit nor deny the allegations because they are vague, ambiguous and incapable of response in their present form since Plaintiff has failed to identify with specificity the Defendant to which he is referring in the allegation. Further responding, Defendants neither admit nor deny the allegations because they state a legal conclusion for which no response is necessary.

27. Denied as untrue.

28. Denied as untrue.

29. Denied as untrue.

30. Defendants neither admit nor deny the allegations because they are vague, ambiguous and incapable of response in their present form since Plaintiff

has failed to identify with specificity the Defendant to which he is referring in the allegation. To the extent Plaintiff alleges that either Defendant has breached a fiduciary obligation to Plaintiff, Defendants deny such allegation as untrue.

31. Denied as untrue.

32. Denied as untrue.

NOW, THEREFORE, Defendants respectfully ask this Honorable Court to dismiss the complaint with prejudice and award costs and attorneys' fees to the Defendants for having to defend this action.

### DEFENDANTS' SPECIAL AND / OR AFFIRMATIVE DEFENSES

Defendants, through their attorneys, Plunkett & Cooney, P.C., and for their Special and/or Affirmative Defenses, state as follows:

1. Plaintiff's claims may be barred by an applicable limitations period or laches.

2. Actions taken by Defendants were in good faith, prudent, not capricious or arbitrary, and in accordance with the terms of the Textron Master Retirement Plan ("the Plan").

3. Calculations for benefits made by Defendants are in accordance with the terms of the Plan, and Plaintiff is not entitled to additional amounts.

4. Plaintiff's claims may be barred by a failure to timely pursue and/or exhaust administrative remedies.

5. Plaintiff may have failed to plead all claims arising out of the transaction or occurrence and Defendants object to having to defend against additional claims in a separate or subsequent action.

6. Plaintiff may have failed to state a claim upon which relief may be granted.

Defendants reserve the right to amend its Special and/or Affirmative Defenses, add or delete defenses, or add counter-claims during the course of litigation.

By:    /s/  Claudia D. Orr  P45402
_____
Claudia D. Orr (P45402)
PLUNKETT & COONEY, P.C.
Attorneys for Defendants
535 Griswold Street, Ste. 2400
Detroit, MI 48226
313-983-4863  fax:983-4350
E-mail:  Corr@plunkettcooney.com

DATED:  March 21, 2007
Detroit.19440.71024.1219125-1

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK CARBERRY,

    Plaintiff,                                          Case No. 07-CV-10892
vs.                                                         Hon. Sean F. Cox

TEXTRON PENSION PLAN a/k/a TEXTRON
MASTER RETIREMENT PLAN, and TEXTRON,
INC., Individually and as the Plan Administrator
of the TEXTRON PENSION PLAN a/k/a
TEXTRON MASTER RETIREMENT PLAN,
jointly and severally,

    Defendants.
_____/

CERTIFICATE OF SERVICE

STATE OF MICHIGAN)
COUNTY OF WAYNE)

      Claudia D. Orr, being first duly sworn, deposes and says that she is employed by PLUNKETT & COONEY, and that on the 21st day of March, 2007, she electronically filed the foregoing papers, Answer to Complaint, and Affirmative Defenses, with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

- Aaron D. Geyer (P39889)
  Aaron@chrisaeillo.com

                                                               By:   /s/ Claudia D. Orr (P45402)
                                                                   _____
                                                                    Claudia D. Orr
                                                                    PLUNKETT & COONEY, P.C.
                                                                    Attorneys for Defendants
                                                                    535 Griswold Street, Ste. 2400
                                                                    Detroit, MI 48226
                                                                    313-983-4863  fax:983-4350
                                                                    E-mail:  Corr@plunkettcooney.com